UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,                              Case No. 21-cr-0186 (2) (WMW)

                              Plaintiff,

                                                                **ORDER**

v.

Nicole Katherine Zetzman,

                              Defendant.

---

This matter is before the Court on Defendant Nicole Zetzman's *pro se* motion to

vacate her sentence pursuant to 28 U.S.C. § 2255.  (Dkt. 111.)  For the reasons addressed

below, Zetzman's motion is denied.

### BACKGROUND

In January 2022, Zetzman pled guilty to Count One of the indictment, Conspiracy

to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable

Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

(Dkt. 56.)  In August 2022, Zetzman was sentenced to 36 months in prison followed by

five years of supervised release.  (Dkt. 101.)  Zetzman did not appeal her sentence.

Zetzman now moves to vacate her sentence pursuant to 28 U.S.C. § 2255, arguing

that the BOP's calculation of her sentence does not account for her previous time in custody.

Specifically, she argues that 18 U.S.C. § 3568 requires that her sentence account for the

"11 months and 25 days" that she spent in the Minnesota Teen Challenge program.  (Dkt.

111 at 4.)  Because her time in Minnesota Teen Challenge qualifies as "custody" and

"official detention," Zetzman contends, 11 months and 25 days should be credited towards her sentence for time served. *Id.* at 5. The Government opposes Zetzman's motion.

## ANALYSIS

A Section 2255 petition allows federal prisoners to challenge the imposition of their sentence by moving to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result in "a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). However, a claim challenging the execution of one's sentence must be brought under Section 2241. *Deroo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013); *Moore*, 978 F.2d 1029, 1031 (8th Cir.1992). A prisoner challenging the BOP's computation of credits, is "entitled to administrative review . . . , 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241." *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). The habeas petition must be brought in the district where the defendant is incarcerated. *United States v. Hutchings*, 835 F.2d 185, 168-87 (8th Cir. 1987).

A *pro se* litigant's filings are liberally construed and held to less stringent standards than filings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But it is the defendant's burden to establish that Section 2255 relief is warranted. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004); *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

Zetzman is not challenging the legality or correctness of the sentencing judgment imposed.  Rather, Zetzman contends that the BOP failed to include the time she spent "in custody" at Minnesota Teen Challenge in the calculation of her sentence.  In doing so, Zetzman challenges the execution of her sentence, not the imposition of her sentence.  As such, Section 2255 is not the correct vehicle for relief; Section 2241 is.  Therefore, Zetzman's claim for relief cannot properly be heard and decided by this Court.  The appropriate court for Zetzman to file a Section 2241 petition is the United States District Court for the Southern District of Illinois, the district court in the district where Zetzman is confined.

Section 2241 and the administrative process are the proper means by which Zetzman may seek to resolve any dispute about the inclusion of her time at Minnesota Teen Challenge in the calculation of her sentence.

**Certificate of Appealability**

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons addressed above, the Court concludes that Zetzman has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability shall be issued.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT**

**IS HEREBY ORDERED**:

1.    Defendant Nicole Zetzman's *pro se* motion to vacate her sentence pursuant

   to 28 U.S.C. § 2255, (Dkt. 111), is **DENIED.**

2.    No certificate of appealability shall be issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 6, 2023                                s/ Wilhelmina M. Wright
                                                                    Wilhelmina M. Wright
                                                                    United States District Judge